Case No. 25-3650 Faye Irene Guenther v. Joseph Emmons Joseph Emmons John DiLorenzo Your response brief doesn't have an unguided analysis contained in it. So if we find that there's no federal rule that conflicts with the state statute, should we consider that you've waived that argument? No, Your Honor. I don't think we have waived the argument, and I'm happy to describe our argument on it now. Have you waived it by not putting it into your response brief? I don't believe we have, Your Honor. And the reason for this is that we believe implicitly that it's sort of understood within having to go through the Shady Grove plurality factors and think that in the alternate, if we do look at those factors, we do come out with finding that we stay on the proper side of the Erie Doctrine. Now, most important, though, is that to quote Shady Grove, we need not wade into the murky waters of Erie because of the plain and very straightforward holding in Berk v. Choi. With that, I would ask that you affirm the district court either on the grounds it stated or on other grounds as argued. Thank you. Thank you, counsel. Thank you.  Thank you, Your Honor. It's just a few points on rebuttal. First of all, Burke is not applicable to this case. Section 1920 only controls costs, a term of art. 4.84.250 relates to attorney's fees, not costs. It just allows them to be tacked as costs. In Burt, there was a Delaware law that required an affidavit of merit from a practitioner to be filed contemporaneously with a complaint alleging medical malpractice. Almost a verified complaint. What Burt provided was, look, that's the type of code pleading that is inconsistent with federal notice pleading. The two pleading regimes collided head-on. And as a result, the federal rules prevailed because the case was in federal court. The whole issue about trans-substantive characterizations of RCW 4.84.250 is really a red herring. It is a concept from Justice Stevens' concurring opinion in Shady Grove. And as interesting as that concept is, it did not enjoy the support of five justices. The narrowest ruling of Shady Grove is basically a repeat of what this court has said over and over and over again about the appropriate analysis. The case in case, which was a case Judge Smith authored, provides a two-step test. Number one, does the federal rule answer the question? And number two, does the federal rule satisfy the Rules Enabling Acts requirement that the rule cannot abridge, enlarge, or modify a substantive right? But if the federal rule doesn't address the situation at all, there's no need to go on to the second step of the case and test. The policy is threefold, and the Washington Supreme Court cases make it clear. First of all, to discourage those who unjustly bring small claims. Secondly, to discourage those who unjustly resist small claims. And third, according to the Beckman case, to allow a litigant to pursue a meritorious claim without seeing the award diminished because of the attorney's fees involved in pursuing it. Those are the three policies that have been enunciated by the Washington Supreme Court. That sounds like policy to me. That's not, you know, an issue that costs would address. Council, can you address the argument made by your friend on the other side with respect to Rule 15? So Rule 15 governs pleadings and amendments to pleadings. Sounds procedural. And he's saying that there's a conflict between Rule 15 and the state statute. And do we need another pleading? Do we need an amendment in order to satisfy ourselves that this case involves less than $10,000? Your Honor, I don't have the case at the top of my head. But it is a Washington Supreme Court case that makes it clear that the word pled in that state statute is a term of art. It can be satisfied by just providing a letter or a notice or a statement in open court. It does not need to be a formal filing. In fact, I've got a copy of it. I would refer you to the excerpt of record to look at the letter. That's at excerpt of record 338 and 339. And the letter does two things. First of all, it makes clear that Gunther is the sole claimant as damages under $10,000. And secondly, it said this is a notice of applicability of RCW 4.84.250. It's about as clear as you can get. I followed up with an email that is at excerpt of record 341. And I told my friends, as you know, a defendant is a prevailing party when, one, plaintiff recovers nothing, or, two, the recovery is the same or less than the amount offered in settlement. Therefore, this is to inform you that to the extent RCW 4.84.250 is triggered, defendants intend to pursue your clients for fees and costs should defendants be the prevailing parties in the litigation. And that's at excerpt of record 341. That is all that needs to be done under Washington law to trigger the applicability of that provision. Unless the court has any other questions, I'll yield the remainder of my time. Thank you, counsel. The case is submitted.
judges: SMITH, TUNG, Hinderaker